# UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA

| UNITED STATES OF AMERICA | § | JUDGMENT IN A CRIMINAL CASE |
|---|---|---|
| v. | § § § | |
| | § | Case Number: **1:16-CR-00095-001** |
| **OSCAR C. ANEZ** | § | USM Number: **16410-003** |
| | § | **Dennis J. Knizley, Esquire** |
| | § | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to counts 1 & 2 of the Information on 6/14/2016.
☐ pleaded nolo contendere to count(s) which was accepted by the court
☐ was found guilty on count(s) after a plea of not guilty

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offenses:

| **Title & Section / Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|
| 15 USC § 1 - Antitrust Violations - Bid Rigging Conspiracy | 11/30/2010 | 1 |
| 18 USC § 1349 - Conspiracy To Commit Mail Fraud | 11/30/2010 | 2 |

The defendant is sentenced as provided in pages 2 through 10 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)
☐ Count(s) ☐ is ☐ are dismissed on the motion of the United States

    IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

**April 10, 2017**
Date of Imposition of Judgment

/s/ Callie V. S. Granade
Signature of Judge

CALLIE V. S. GRANADE
SENIOR UNITED STATES DISTRICT JUDGE
Name and Title of Judge

**April 20, 2017**
Date

DEFENDANT: OSCAR C. ANEZ
CASE NUMBER: 1:16-CR-00095-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**TWELVE (12) MONTHS and ONE (1) DAY as to each of Counts 1 & 2; said terms to be served concurrently.**

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at  ☐ a.m.  ☐ p.m.  on

  ☐ as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on
  ☒ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: OSCAR C. ANEZ
CASE NUMBER: 1:16-CR-00095-001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **Three (3) years on each of Counts 1 & 2; said terms are to run concurrently.**

☒ Special Conditions:

1) The defendant is prohibited from making major purchases, incurring new credit charges, or opening additional lines of credit without the permission of the Probation Officer, until such time as the financial obligations imposed by this court have been satisfied in full.

2) The defendant shall provide the Probation Office access to any requested financial information.

3) The defendant shall make restitution as set forth on Sheets 5, Part A & 5, Part B of this Judgment.

**For offenses committed on or after September 13, 1994**: The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☒ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*
☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. *(Check, if applicable.)*
☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*
☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

If this judgment imposes a fine or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment. The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

**The defendant shall not commit another federal, state or local crime.**
**The defendant shall not illegally possess a controlled substance.**
**The defendant shall comply with the standard conditions that have been adopted by this court.**
**The defendant shall also comply with the additional conditions on the attached page.**

See Page 4 for the
**"STANDARD CONDITIONS OF SUPERVISION"**

DEFENDANT: OSCAR C. ANEZ
CASE NUMBER: 1:16-CR-00095-001

## STANDARD CONDITIONS OF SUPERVISION

1. the defendant shall not leave the judicial district without the permission of the court or probation officer;
2. the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. the defendant shall support his or her dependents and meet other family responsibilities;
5. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11. the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.
14. the defendant shall cooperate, as directed by the probation officer, in the collection of DNA, if applicable, under the provisions of 18 U.S.C. §§ 3563(a)(9) and 3583(d) for those defendants convicted of qualifying offenses.

DEFENDANT: OSCAR C. ANEZ
CASE NUMBER: 1:16-CR-00095-001

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Page 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $200.00 |  | $343,561.59 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO245C)* will be entered after such determination.

☒ The defendant shall make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below. (or see attached)  However, pursuant to 18 U.S.C. § 3644(i), all non-federal victims must be paid in full prior to the United States receiving payment.

Restitution of $343,561.59 to:

| | |
|---|---|
| ACCEPTANCE LOAN COMPANY, INC.<br>C/O BILL PARKER<br>REGIONAL VICE PRESIDENT<br>121 WEST CHURCH STREET<br>JACKSON, AL 36545 | $23,000.00 |
| ALICE LONGMIRE | $ 8,000.00 |
| AMERICAN GENERAL FINANCIAL SERVICES OF ALABAMA<br>C/O SPRINGLEAF FINANCIAL<br>HOLDINGS, LLC, ATTN LEGAL DEPT<br>601 N.W. SECOND STREET<br>EVANSVILLE, IN 47708 | $ 6,007.00 |
| AMERITRUST MORTGAGE COMPANY<br>14045 BALLANTYNE CORP PLACE, SUITE 101<br>CHARLOTTE, NC 28277 | $ 1,000.00 |
| AMY ELMORE-ERVINE | $ 500.00 |
| ANTHONY R. ROGERS | $ 750.00 |
| AUGUSTA G. BENDER<br>C/O R. PRESTON BOLT, JR., ESQ.<br>HAND ARENDALL, LLC, RSA TOWER<br>11 N. WATER STREET, STE 30200<br>MOBILE, AL 36602 | $ 3,225.00 |
| BANK OF AMERICA CORPORATION<br>C/O ROBERT J. MCGAHAN<br>ASSISTANT GENERAL COUNSEL<br>214 N. TYRON STREET<br>CHARLOTTE, NC 28255 | $ 6,333.00 |
| BAYVIEW LOAN SERVICING, INC.<br>C/O OLGA TOLDEDO<br>4425 PONCE DE LEON BOULEVARD, 4TH FLOOR<br>CORAL GABLES, FL 33143 | $ 1,666.00 |

DEFENDANT: OSCAR C. ANEZ
CASE NUMBER: 1:16-CR-00095-001

| | |
|---|---|
| BBVA COMPASS BANK<br>C/O BARRY SHANE CLANTON<br>GENERAL COUNSEL AND SECRETARY<br>15 SOUTH 20TH STREET, STE 1802<br>BIRMINGHAM, AL 35233 | $10,000.00 |
| BIG SWELL, INC.<br>C/O NATHAN P. FRIEDLANDER, P.C<br>126 GOVERNMENT STREET<br>MOBILE, AL 36602 | $ 1,250.00 |
| BOBBY M. MARTIN JR. | $ 9,066.00 |
| CHARLES L. WALKER | $ 1,250.00 |
| CITI<br>C/O CHRISTOPHER GRAUL<br>CITI INVESTIGATIVE SERVICES<br>#1 TENNS WAY<br>NEW CASTLE, DE 19720 | $31,399.03 |
| CLYDE E. RENEAU, JR. | $ 2,700.00 |
| COMMUNITY WEST BANK<br>C/O GEORGE J. GETMAN<br>COMMUNITY BANK SYSTEM, INC.<br>5790 WIDEWATERS PARKWAY<br>SYRACUSE, NY 13214 | $ 9,400.00 |
| DAN P. MONCEAUX | $ 742.50 |
| DAVID BRIAN GARTMAN | $ 750.00 |
| DAVID G. MCNIDER | $ 971.00 |
| DEBORAH ADKINSON | $ 2,000.00 |
| DEBORAH J. MONCEAUX | $ 742.50 |
| DEE DEE SEWELL | $ 1,532.33 |
| DEPARTMENT OF VETERANS AFFAIRS<br>ATTN: LOAN ADMINISTRATION<br>210 FRANKLIN ROAD SW<br>ROANOKE, VA 24011 | $ 2,000.00 |
| DEUTSCHE BANK<br>C/O STEVEN F. REICH<br>GENERAL COUNSEL FOR AMERICAS<br>60 WALL STREET<br>NEW YORK, NY 10005-2836 | $19,915.00 |
| ELLA JEAN COX | $ 1,666.00 |
| ERIC MOODY | $ 9,450.00 |

DEFENDANT: OSCAR C. ANEZ
CASE NUMBER: 1:16-CR-00095-001

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION<br>C/O BRIAN P. BROOKS<br>COMMUNITY BANK SYSTEM, INC.<br>5790 WIDEWATERS PARKWAY<br>SYRACUSE, NY 13214 | $ 5,700.00 |
| FIRST COMMUNITY BANK<br>C/O BARRY A. FRIEDMAN ASSC, PC<br>257 ST. ANTHONY STREET<br>MOBILE, AL 36603 | $ 1,000.00 |
| FRANCES H. PETTIS | $ 900.00 |
| FRANK R. RANKIN, JR. | $ 2,500.00 |
| HANCOCK BANK<br>C/O JOY LAMBERT PHILLIPS<br>GENERAL COUNSEL, CORPORATE SEC<br>2510 14TH STREET, SUITE 700<br>GULFPORT, MS 39501-1947 | $ 2,000.00 |
| HARLEY A. DAVIS | $ 2,125.00 |
| HERBERT G. RODGERS | $ 2,333.00 |
| HERMAN LESTER BELL, JR. | $ 2,666.66 |
| HSBC MORTGAGE CORPORATION USA<br>C/O MARK STEFFENSEN<br>SENIOR EXECUTIVE VICE PRES<br>452 5TH AVENUE<br>NEW YORK, NY 10018 | $ 3,000.00 |
| HUD<br>C/O HUD 235 RECAPTURE DEPT<br>2401 NW 23RD STREET<br>OKLAHOMA CITY, OK 73107 | $ 4,152.00 |
| JAMES B. MORRIS | $ 985.00 |
| JAMES G. WATSON | $ 1,067.00 |
| JANUARY MCBRIDE | $ 2,333.00 |
| JEFFREY A. HALL | $ 2,000.00 |
| JOHN M. MATRANGA | $ 5,200.00 |
| JOHNNIE SEALS | $ 1,428.57 |
| JP MORGAN CHASE<br>RESTITUTION DEPARTMENT<br>10151 DEERWOOD PARK BOULEVARD<br>BUILDING 400, FLOOR-05<br>JACKSONVILLE, FL 32256 | $16,000.00 |

DEFENDANT: OSCAR C. ANEZ
CASE NUMBER: 1:16-CR-00095-001

| | |
|---|---|
| KEY BANK, USA, NA<br>RECOVERY PAYMENT PROCESSING<br>CO LISA BORCZIAK OH 01-51-0564<br>4910 TIEDERMAN ROAD<br>BROOKLYN, OH 44144 | $ 5,000.00 |
| LAKAILYN JOHNSON | $ 500.00 |
| LASHUNDRA COOK | $ 500.00 |
| LAURA P. GORDON | $ 4,600.00 |
| LINDA G. WALKER | $ 1,250.00 |
| LULA MAE ROBINSON | $ 2,000.00 |
| MARY M. HARDY | $ 2,000.00 |
| MICHELLE M. VAUGHN | $ 7,900.00 |
| MIDFIRST BANK<br>C/O DAVID MORGAN<br>GENERAL COUNSEL<br>501 NW GRAND BOULEVARD<br>OKLAHOMA CITY, OK 73118 | $ 5,527.00 |
| MOBILE HOUSING BOARD<br>ATTN: FINANCE DEPARTMENT<br>151 S. CLAIBORNE STREET<br>MOBILE, AL 36602 | $ 1,500.00 |
| NADIR SHERWANI | $ 1,000.00 |
| PATRICIA A. ROGERS | $ 750.00 |
| PHILLIP S. RAY | $ 916.00 |
| PNC BANK, NA<br>C/O GREGORY B. JORDAN<br>GENERAL COUNSEL<br>300 FIFTH AVENUE<br>PITTSBURGH, PA 15222 | $ 1,000.00 |
| REGIONS FINANCIAL CORPORATION<br>FOURNIER J. GALE, III<br>1900 5TH AVENUE NORTH<br>REGIONS CENTER, 21ST FLOOR<br>BIRMINGHAM, AL 35203 | $ 4,092.00 |
| RICHARD A. LATON, JR.<br>C/O SNF FLOQUIP<br>2 CHEMICAL PLANT ROAD<br>RICEBORO, GA 31323 | $ 2,911.00 |
| RICHMOND EDWARDS | $ 3,000.00 |
| ROBERT BRYANT | $ 750.00 |

DEFENDANT: OSCAR C. ANEZ
CASE NUMBER: 1:16-CR-00095-001

| | |
|---|---|
| ROBIN BLACKBURN | $ 4,800.00 |
| RUBY L. TUCKER | $ 2,000.00 |
| SANDRA J. GEE | $ 5,220.00 |
| SHEILA C. DIXON | $ 1,000.00 |
| SHEILA M. DAVIS | $ 2,125.00 |
| SHERYL E. PORTIS | $ 1,125.00 |
| TARA BRYANT | $ 750.00 |
| THE BANK OF NEW YORK MELLON, INC.<br>C/O WILLIAM J. PERLSTEIN<br>SENIOR DEPUTY GENERAL COUNSEL<br>225 LIBERTY STREET, 21ST FLOOR<br>NEW YORK, NY 10286 | $ 9,100.00 |
| TRUSTMARK NATIONAL BANK<br>C/O LEGAL DEPARTMENT<br>248 EAST CAPITAL STREET<br>JACKSON, MS 39201 | $ 5,607.00 |
| UMPQUA HOLDINGS CORPORATION | $ 2,100.00 |
| US BANK NATIONAL ASSOCIATION<br>C/O LEGAL DEPARTMENT<br>800 NICOLLETT MALL<br>21ST FLOOR<br>MINNEAPOLIS, MN 55402 | $33,100.00 |
| VICKI HAYES | $ 500.00 |
| WELLS FARGO BANK, NA<br>C/O DAVID MOSKOWITZ<br>WELLS FARGO LAW DEPARTMENT<br>1750 H STREET NW<br>WASHINGTON, DC 20006-4600 | $20,233.00 |

☒ If applicable, restitution amount ordered pursuant to plea agreement $ 343,561.59

☐ The defendant must pay interest on any fine or restitution of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Page 6 may be subject to penalties for default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
    ☒ the interest requirement is waived for the    ☐ fine    ☒ restitution
    ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: OSCAR C. ANEZ
CASE NUMBER: 1:16-CR-00095-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A** ☒ Lump sum payments of $<u>343,761.59</u> due immediately, balance due not later than _____, or

　　☒ in accordance with ☐ C, ☐ D, ☐ E, or ☒ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:
**The special assessment of $200.00 for Counts 1 and 2 and restitution in the amount of $343,561.59 are due immediately and payable in full, and are to be paid through the Clerk, U.S. District Court. Payment to the victims shall be on a pro rata basis. If full restitution is not immediately paid, any amount owing during a period of incarceration shall be subject to payment through the Bureau of Prison's Inmate Financial Responsibility Program. In the event that the defendant is not eligible to participate in that program, the defendant is to make minimum monthly payments of $25.00 while incarcerated. As a special condition of supervised release, the Probation Office shall pursue collection of any balance remaining at the time of release in installments to commence no later than 30 days after the date of release. If restitution is to be paid in installments, the court orders that the defendant make at least minimum monthly payments in the amount of $1,000.00. No interest is to accrue on this debt. The defendant is ordered to notify the court of any material change in his ability to pay restitution. The Probation Office shall request the court to amend any payment schedule, if appropriate.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

　　☐ Defendant shall receive credit on his restitution obligation for recovery from other defendants who contributed to the same loss that gave rise to defendant's restitution obligation.

☐ The defendant shall pay the cost of prosecution.
☐ The defendant shall pay the following court cost(s):
☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.